74 So.2d 521

**Frank Claire BROWN**

**v.**

**STATE.**

**I Div. 682.**

Court of Appeals of Alabama.

May 11, 1954.

Rehearing Denied June 1, 1954.

Wilters & Brantley, Bay Minette, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

**CARR, Presiding Judge.**

The accused was indicted for the offense of manslaughter in the first degree and convicted of the lesser offense of manslaughter in the second degree.

According to the State's evidence the appellant was driving his automobile while in an intoxicated condition. His car left the highway and ran into a yard near a dwelling where a mother was sweeping and two of her little children were playing. The car overturned and beneath its weight crushed one of the children to death. The child was six years of age. This occurred at about the hour of 4 P.M.

The defendant denied that he was intoxicated at the time, although he admitted that he drank three bottles of beer between the hours of 11 A.M. and 2 P.M. on the day in question. He testified that as he was attempting to pass another car the vehicle pulled out into his lane of travel and he was required to apply his brakes. This caused appellant's automobile to leave the highway and turn over in the yard near by.

In brief appellant's attorney pressed three matters upon which insistence is urged for reversible error. It appears from the record that these include all questions which merit any discussion in this opinion.

The defendant made a statement to a highway patrolman about an hour and a half after the injury to the child. During this time he was in the custody of the officers and had been since immediately following the collision.

The solicitor asked the patrolman this: "What was his condition at the time, Mr. Granger?"

The objections were: "Your Honor, we object; it is far removed from the scene of the crime; he has testified that it was some two hours afterwards."

The objections were overruled and the witness replied:

"At the time I got there he was up-stairs and they had him brought down and he couldn't talk co-herently and he kept rubbing his neck and looking at the ceiling. I asked him what happened and the first statement he started to make was that he was trying to pass a pick-up truck and he changed that and said that a truck came out of the Malbis road and then he later on said he met a car and had to leave the highway. His speech was not coherent at all."

Appellant's attorney argues that it was error to admit evidence of the drunken condition of the accused some time after the alleged crime without requiring the State to establish first that he had not had access to intoxicating liquors during the time intervening. Cases are cited to sustain this position.

An analysis of the inquiry will illustrate our view that these authorities are without application.

The question to which objections were interposed did not relate necessarily to intoxication. The grounds posed to the objection did not call the court's attention to the complained omission in the proof. Jones v. State, 29 Ala.App. 126, 193 So. 179; Millhouse v. State, 235 Ala. 85, 177 So. 556.

The answer does not contain any specific statement that the defendant was intoxicated. For aught appearing the described physical and mental condition may have been caused by fear, shock, or injury. In fact, the appellant testified that his neck was injured in the collision.

On direct examination the patrolman never did testify that the defendant was drunk or intoxicated at the time of the indicated conversation.

Following the above-quoted reply, the officer stated that he detected the odor of alcohol on defendant's breath. However, there were no objections interposed to the question which invited the answer.

A witness for the State testified that she saw the defendant a short time before the injury to the child at a vantage point of about 125 yards and observed that he went behind a little house and "relieved himself." She stated that he was not obstructed from her view.

Apparently the solicitor gave some emphasis to this incident to aid the State's contention that defendant was intoxicated.

Subsequently in the trial proceedings the defendant described to the court and jury the location of various sheds and outhouses which were in the yard at the place about which we are immediately concerned.

Following this description he was asked: "Did you have any reason to go back of these sheds to relieve yourself instead of going to the bath room?"

The court sustained the solicitor's objections to this question.

The insistence is made that the answer should have been allowed in order to give the appellant an opportunity to explain circumstances which were brought out by the State and which may have had detrimental effects upon him. Among the authorities cited to sustain the position is our case Cummings v. State, 34 Ala.App. 650, 43 So.2d 326.

■ Upon factual foundation quite dissimilar to that in the case at bar, we announced the general rule which provides that if one party inquires into a matter the other party should be allowed to go into the entire transaction and give evidence, if he can, which would tend to explain the detrimental effects of the initial proof. The justice of this doctrine cannot be denied.

■ Assuming but not deciding that the form of the question of concern invoked the application of this rule, we are clearly convinced that in the instant case the accused was not injured by a disallowance of the answer. He described the location of these outbuildings somewhat in detail. The evidence discloses that there was considerable privacy around the premises where he was seen. The State's witness who observed him was 125 yards away.

We entertain serious doubt that the jury concluded that it was any indication of intoxication for the defendant to go out behind a shed in a rural or semi-rural section and answer a call of nature.

We think that Supreme Court Rule 45, Code 1940, Tit. 7, Appendix, should be applied.

To fairly and accurately present the next question we will copy from the record:

"Q. Mrs. Williams, has Mr. Brown come to you and offered you $1,000 dollars?

"Mr. Wilters: I object; he is attempting to prejudice the jury and it's not in rebuttal—

"The Court: Sustain the objection.

"Witness: Yes—

"The Court: Suppose Mr. Brown didn't offer that?

"Witness: Yes, sir, yes—

"Mr. Wilters: That's the second time she has said that. We object—

"The Court: Sustain the objection.

"Mr. Wilters: We make a motion for a mistrial?

"The Court: Overrule the motion.

"Mr. Wilters: We except.

"Mr. Brantley: We move to exclude that—

"The Court: Deny the motion.

"Mr. Brantley: We except."

The insistence is made that this was an offer of compromise and the affirmative answer of the witness should have been excluded. It is urged also that the detriment to the defendant was so great that a mistrial should have been ordered.

It is to be noted that the court sustained the objection to the question. This was the proper ruling if the matter of compromise was involved. It is not certain that this is true. If the indicated offer was to induce suppression of evidence or false testimony, the objections could have been overruled without error. Register v. State, 19 Ala. App. 11, 94 So. 778.

The motion to exclude is very general. It does not specifically point out the matter sought to be excluded.

■ The motion is not supported by any grounds. If we should read into the motion an intent to exclude Mrs. Brown's affirmative answer, we are faced with the rule that a general objection was not sufficient. The reply was not patently inadmissible as we have illustrated above. Under these circumstances special grounds should have been stated. Hendrix v. State, Ala.App., 72 So.2d 120 [1]; Barfield v. State, 19 Ala. App. 374, 97 So. 378; Slaughter v. Green, 205 Ala. 250, 87 So. 358.

■ Obviously there was no error in the action of the court in denying the motion for a mistrial.

It is ordered that the judgment below be affirmed.

Affirmed.