301 So.2d 245

Kenneth Wayne SEAGROVES

v.

STATE.

8 Div. 540.

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

David L. Thomas, Huntsville, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

This appeal arises from a ruling of the trial court, in a coram nobis proceeding in the Circuit Court of Madison County, in which the court refused to grant the writ.

It appears that petitioner had plead guilty in the Circuit Court on the 15th day of January 1973, on a charge of grand larceny. It is his main contention on this appeal that his plea of guilty was the result of a plea bargaining agreement, by which

he would receive a two year sentence if he plead guilty. It further appears that there had been a good deal of negotiating between the assistant district attorney, Mr. Miller and appellant's attorney, Mr. Tarver and that the assistant district attorney had agreed to recommend to the court a sentence of two years, which was agreeable with the appellant and his attorney. The record further shows that the court was aware of the recommendation. It was, in fact, made by the assistant district attorney to the court, as he had agreed to, but at no time did the court indicate that it was prepared to carry out this agreement. The record further shows that neither of the attorneys involved at any time advised petitioner that the court would, or had confirmed the agreement for sentencing the petitioner for two years.

At the time of the entry of the plea the court delayed sentence pending consideration of an application for probation and apparently as the result of the investigation made by the probation officer it developed that the appellant had a record of law violation and conviction for felonies in more than one state.

When the plea of guilty was entered in January 1973, the court, among other matters in the colloquy between him and the petitioner, had advised him of the minimum and maximum sentence which might be imposed, and further said, "Do you understand that if any one has told you anything about the length of the sentence it is a recommendation merely and the Court is not bound by it?"

The petitioner indicated to the court that he understood what the court had said but insisted that he thought it merely a matter of form and did not attach any importance to it.

In brief the appellant seems to rely almost entirely on the cases of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 and Blow v. State, 49 Ala. App. 623, 274 So.2d 652.

While we recognize the principle laid down in Santobello v. New York, supra, we distinguish the facts in that case from the case at bar. In *Santobello* there was an agreement between the District Attorney and the appellant and his attorney that the prosecutor would make a certain recommendation and as a result of that agreement the appellant was induced to enter his plea of guilty. The recommendation was never made by the prosecutor nor by any member of the office of the District Attorney and a higher sentence was imposed than that agreed upon. In the instant case the agreement between the attorney for the petitioner and the assistant district attorney was carried out in all respects but the court exercised its prerogative in passing sentence for a longer term. The court was not a party to the agreement and had done nothing to lead the petitioner to enter into any agreement or make the plea, although it is conceded that in the majority of instances the trial courts, as a matter of practice, do accept the results of plea bargaining where sentence is recommended by a district attorney. In this case the trial court emphasized in advising the petitioner of his rights that he was not bound by any agreement as to the length of sentence and further advised him with regard to the minimum and maximum sentence which could be expected.

■ It is elementary that in cases in which the power to fix a sentence in a criminal case does not rest with a jury, it rests with the court, solely.

As we understand the case of Blow v. State, supra, the factual situation was also different from the instant case in that the court in *Blow* seems to have been a party to the agreement under which the plea was negotiated but changed its mind due to the failure of appellant to appear at the time set for the entry of his plea.

■ As indicated above, we do not consider either case discussed above as authority for the disposition of this case. A careful consideration of the record con-

vinces this court that the ruling denying and dismissing the writ of error coram nobis was free from error and that this case should be affirmed.

 Moreover, this matter was known to petitioner and his counsel at the time he entered his guilty plea. This claimed error could have been raised on direct appeal rather than by way of a coram nobis petition. The office of the writ of error coram nobis is not that of a delayed appeal but rather a vehicle to seek review of certain matters which were not known or could not have been reasonably discovered within the time for taking a direct appeal.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment below is hereby

Affirmed.

All the Judges concur.