317 So.2d 543

**Jim COOPER**

v.

**STATE.**

**6 Div. 823.**

Court of Criminal Appeals of Alabama.

July 29, 1975.

Newton, Coar, Newton & Tucker, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and Quentin Q. Brown, Jr., Asst. Atty. Gen., Birmingham, for the State, appellee.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for selling, furnishing or giving away 36.6 milligrams of heroin, a narcotic drug, contrary to and in violation of the provisions of Act No. 1407, of the 1971 Regular Session of the Alabama Legislature, which disposition occurred subsequent to September 15, 1971. A jury conviction with punishment fixed by the trial court at twelve years imprisonment.

The alleged sale took place on May 30, 1973; he was also indicted for violations of the Act, supra, on May 24 and June 8, 1974. He was acquitted on August 22, 1974, of the charge on June 8, 1974. The present trial commenced on August 27, 1974.

I

A jury was struck for the trial of defendant pursuant to Act No. 57 of April 5, 1955. This act was originally introduced as House Bill 881, which purported to be a "general bill," applying to counties with a population of 400,000 persons or more. Contention is here made that the bill was local and not advertised pursuant to § 106 of the Constitution of 1901 and that he was denied equal protection of the law due to the "one for one" jury strike system used in Jefferson County, Alabama.

We pretermit discussion of the constitutionality of the law authorizing such

"one for one" system as it was not raised in the trial court and appellee is here precluded from raising the issue for the first time on this appeal.[1] *Alabama Brokerage Co. v. Boston,* 18 Ala.App. 495, 93 So. 289 cert. den. 208 Ala. 242, 94 So. 87; *City of Talladega v. Ellison,* 262 Ala. 449, 79 So.2d 551; *Smith v. State,* 280 Ala. 241, 192 So. 2d 443. Claims that the statute denying workmen's compensation benefits to decedent's purported wife and children was unconstitutional as denying due process and equal protection could not be raised for the first time on motion for new trial. *Talley v. A & M Construction Co.,* 284 Ala. 371, 225 So.2d 359 cert. den. 397 U.S. 995, 90 S.Ct. 1133, 25 L.Ed.2d 402. For other collated cases see Appeal and Error, Ala.Digest, Vol. 2, ☞170(2).

## II

The second contention in appellant's brief asserts the trial court erred in admitting testimony of other unrelated charges.

On cross-examination of state's witness John Softly, to whom defendant allegedly made the sale of heroin, the defendant's counsel brought out the evidence that he made a buy of heroin from the defendant on June 8, 1973. (R. 43–44); also that he had contact with defendant on May 24, 1973.

■ Appellant asserts error on the part of the trial court in allowing the state to go into the contacts on June 8 and May 24, 1973. We disagree and hold the court's ruling on the objection to the June 8 meeting to be free of error. Defendant brought out details of the alleged meetings. The state was allowed to bring out other details. *Cox v. State,* 280 Ala. 318, 193 So.2d 759; *Evans v. Patterson,* 269 Ala. 250, 112 So.2d 194; *Goodson v. State,* 42 Ala.App. 266, 160 So.2d 652; *Brown v. State,* 37 Ala.App. 595, 74 So.2d 521. The

trial court sustained defendant's objection to the transaction with defendant on May 24, 1973.

■ The trial court on re-direct allowed witness Softly to answer the state's question, over the defendant's objection, that during his service with the United Narcotic Detail Operation he had made one hundred thirty-seven cases of "this type."

The answer as we see it had no bearing on the guilt or innocence of defendant in the instant case, but neither was it injurious to him, taking into consideration all the evidence. It merely shows the activities of the witness as a law enforcement officer in the field of narcotics; it does not state how many of these cases resulted in convictions or acquittal; it does not bolster his instant testimony.

## III

A third assertion of error relates to the refusal of the trial court to permit defendant on cross-examination to elicit testimony from a state's witness, George Hays, a law enforcement officer, as follows:

"Q. Do you know Sam Cooper?

"A. Yes, sir.

"Q. Do you know that Sam Cooper is this young man's uncle?

"A. Yes, sir.

"Q. Do you know that Sam Cooper is a dealer in narcotics?

"A. Yes, sir.

"Q. And you have been trying to get a conviction on Sam Cooper for some time, haven't you?

"MR. TATE: We object.

"THE COURT: Sustained."

---

1. Moreover, this issue was decided adversely to appellant in the very recent opinion of *Mallory v. State,* 55 Ala.App. 203, 313 So.2d 203, cert. den. 294 Ala. ——, 313 So.2d 203, and authorities therein cited.

The range of cross-examination is within the discretion of the trial court unless substantial injury would thereby result to defendant. *Green v. State,* 258 Ala. 471, 64 So.2d 84; *Adams v. State,* 30 Ala. App. 188, 2 So.2d 468; *Sowell v. State,* 30 Ala.App. 18, 199 So. 900.

We fail to see the relevancy of this testimony to the guilt or innocence of defendant or to the credibility of George Hays' testimony adverse to defendant. The activities of this officer, if any, to get a conviction against Sam Cooper and his failure to do so is not relevant to show bias against defendant. It could open the gates to prolonged testimony as to the nature and extent of these activities. We hold there was no error in the ruling of the court.

### IV

We are unable to conclude that the arguments of the state prosecutor to which defendant objected created cumulatively an atmosphere of ineradicable prejudice in the minds of the jury against defendant. The alleged sale in the instant case was in a public place near a street. An inference could be drawn therefrom that the traffic in narcotics was in the open and violators needed to be curbed by convictions. It was merely an appeal for law enforcement. *Blue v. State,* 246 Ala. 73, 19 So.2d 11, is not applicable to the state's argument in this case.

The foregoing opinion was prepared by Hon. Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.