DeCARLO, Judge.
This is an indigent appeal from a denial of a petition for writ of error eoram nobis.
On September 25, 1975, a hearing was held on appellant’s petition and it was subsequently denied on October 3, 1975.
There is only one insistence of error in this appeal. It is that during the course of the trial and after the jury was sworn, the defendant was not asked his consent for a jury separation.
Briefly, the facts are that the appellant, Jim Cooper, was placed on trial on a charge of violating the Alabama Uniform Controlled Substances Act. During the course of that trial and after the jury was sworn a brief recess was called. The jury was asked to retire and it was during their absence from the courtroom that the judge made the following inquiry:
“THE COURT: All right. Now, Jim Cooper, raise your right hand.
“Do you swear that the testimony you will give will be the truth, the whole truth and nothing but the truth, so help you God?
“MR. COOPER: Yes, sir.
“THE COURT: Do you consent to a separation of the jury?
“MR. TARTAR: Yes, sir. I have discussed the matter with my client and he agrees to a separation of the jury and he has discussed it with me and informed me that he has been through this once last week and he understands what is going on.
“THE COURT: Well, let the record show that he understands that the jury can be separate during their recesses, their lunch, and at night under the proper instructions of the Court and that the defendant and his counsel have agreed to it, along with the attorneys for the State.”
It is contended that although the record shows the defendant was asked for his consent to a jury separation, he clearly did not respond to the question. Counsel insists the consent of the defendant is mandatory and submits that the Supreme Court of Alabama has held in Nelson v. State, 253 Ala. 246, 43 So.2d 892, that the consent of the defendant is mandatory and cannot be supplied by defense counsel.
*872 Appellant also maintains he did not consent to the separation of the jury and therefore the provisions of T. 30, § 97(1), Code of Alabama 1940, Recompiled 1958, has no application.
Title 30, § 97(1), supra, provides:
“If the accused and his counsel and also the prosecuting attorney, in any prosecution for felony, whether capital or non-capital consent thereto in open court, the trial court in its discretion may permit the jury trying the case to separate during the pendency of the trial, whether the jury has retired or not. . . . ”
Further, appellant alleges that the record clearly indicates that the trial court did allow the jury to separate and the State failed to rebut the presumption of prejudice. He maintains he is now entitled to a new trial and in support of this contention he cites Pratt v. State, 48 Ala.App. 341, 264 So.2d 571.
We have searched the record as required under Code of Alabama 1940, Recompiled 1958, T. 15, § 389, and have found no ruling on this point raised in the trial court. No objection, motion for a mistrial or motion for a new trial was ever made. The original appeal from the lower court’s conviction on this charge was also examined and we found no contention raised on this point. Cooper v. State, 55 Ala.App. 576, 317 So.2d 543.
Any prejudice resulting from a jury separation cannot be raised for the first time by appeal. Turner v. State, 54 Ala. App. 467, 309 So.2d 503.
Under the facts in this case there is nothing presented to this court for consideration. The jurisdiction of this court is appellate only and review is limited to matters upon which rulings at nisi prius were invoked.
Also it appears the contention raised by appellant in the case at bar was known to him and could have been raised in the original trial and appeal to this court.
In Seagroves v. State, 53 Ala.App. 481, 301 So.2d 245, this court stated that a writ of error coram nobis could not be used as a delayed appeal but was to be used only for the review of certain matters which were not known or could not have been reasonably discovered during the time for taking a direct appeal.
Based on the foregoing, the court’s action in denying the petition was correct.
AFFIRMED.
All the Judges concur.