CECIL H. STRAWBRIDGE, Circuit Judge.
Defendant was convicted of murder in the first degree and from a sentence of life imprisonment brings this appeal.
The appellant, Bob Cornelius Peoples, was indicted by the grand jury of Lawrence County, Alabama, in an indictment which read as follows:
“The Grand Jury of said County charge that before the finding of this Indictment Bob Cornelius Peoples unlawfully, and with malice aforethought, killed Harold Young, by shooting him with a rifle or shotgun, against the peace and dignity of the State of Alabama . . .”
To this indictment the appellant pled not guilty and not guilty by reason of insanity.
On May 19, 1975, a motion for the change of venue was filed by the attorney for appellant which included the following grounds and reasons for the changing of said venue:
“1. That the venue of this cause should be changed from Lawrence County, Alabama, to another county within the discretion and decision of this Honorable Court because there exists throughout Lawrence County so great a prejudice against this defendant that it is not likely that a fair and impartial trial could be had and an unbiased verdict returned if the case should remain for trial in Lawrence County, Alabama.
“2. Defendant would show that since the time of the charge upon which he is to be tried, he has been the subject of many and diverse prejudicial rumors circulated throughout the city and county. Said prejudicial rumors are common knowledge among citizens of Moulton, and Lawrence County from which the veniremen in this case will be selected. “3. Defendant would show that commencing the time of, the alleged crime of which he is accused and continuing almost daily throughout the remainder of the time prior to the filing of this motion the Moulton Advertiser, a weekly newspaper published in Moulton, Lawrence County, Alabama; the Decatur Daily, a daily newspaper published in Decatur, Morgan County, Alabama; the Huntsville Times, a daily newspaper published in Huntsville, Madison County, Alabama; the Birmingham News, and the Birmingham Post Herald, daily newspapers published in Birmingham, Jefferson County, Alabama, along with other newspapers have carried stories, pictures, and articles proporting to relate facts and opinions pertaining to the charge against this defendant and alleged in the indictment. The publicity given this defendant far transcends the normal amount of newspaper comment concerning a defendant and said stories, pictures, and articles and the number thereof have had a prejudicial effect upon the right of this defendant to obtain a fair and impartial trial in Lawrence County, Alabama. Said newspapers have general circulation that extends throughout Lawrence County and into the homes from which the veniremen will be selected for the trial of this case in Lawrence County.
“4. Defendant would show that commencing on the day of the alleged crime and continuing periodically throughout the remainder of the time prior to the filing of this motion, television stations whose coverage extends throughout Lawrence County and into the homes from which the veniremen will be selected for the trial of this case in Lawrence County have sent stories and accounts of these proceedings concerning this defendant into the homes of the veniremen in Lawrence County, far transcending the normal amount of television comment concerning a defendant. Defendant further would show that even upon the day of his initial arraignment, April 18, 1975, television stations from Huntsville sent news teams to cover said arraignment proceedings and made feature stories on said defendant moving from the jail to the courthouse.
“5. Defendant would further show that in addition to the newspaper publicity and that generated by the television stations, each radio station in Lawrence, *517 Morgan and Madison County has likewise carried newscast at various hours of the day and have sent stories and accounts of the proceedings concerning this defendant into the homes of the veniremen in Lawrence County far transcending the normal amount of radio comment concerning a defendant.
“6. The Defendant would further show that from time to time since the commission of the crime of which he is accused, that the sheriff of Lawrence County has shown pictures relating to the crime of which the defendant is accused to citizen of Lawrence County in his office in Moul-ton, Lawrence County, Alabama and has made comment as to the punishment said defendant should receive because of the heinous crime that has been committed. Defendant alleges that said publication by the High Sheriff of Lawrence County is prejudicial and far transcends the normal amount of pretrial comment allowed law enforcement officers in relation to Defendant’s right to fair trial.”
On August 15,1975, appellant’s motion to remove the venue of this case from Lawrence County due to prejudicial pretrial publicity was denied. A trial was set for September 15, 1975, and that said trial was declared a mistrial on the second day, September 16, 1975.
On October 13, 1975, appellant’s case was reset for trial in the Circuit Court of Lawrence County and said trial was commenced on that date. In open court that date, appellant, by and through his attorney, filed a renewed motion for change of venue with the following new and additional grounds for said change in open court:
“1. The earlier mistrial in the State’s initial attempt to try your Appellant which resulted in a mistrial due to a veniremen’s failure to disclose certain information asked during Appellant’s voir' dire of the venire, and
“2. The fact that co-defendant, Junior Borden had been tried one week earlier and said trial had resulted in large amounts of evidence damaging to your Appellant.”
The court denied appellant’s renewed motion for change of venue and proceeded to trial. Defendant was tried and convicted and sentenced to imprisonment in the state penitentiary for a period of his natural life.
The appellant contends the trial court committed error in its refusal to grant his motion for a change of venue. The burden is upon the defendant to show to the reasonable satisfaction of the court that an impartial trial and an unbiased verdict cannot reasonably be expected in order to achieve the right to a change of venue. Godau v. State, 179 Ala. 27, 60 So. 908 (1913).
The Sixth Amendment guarantees to an accused in a criminal prosecution that he shall be tried by an impartial jury. The case of Patterson v. Colorado, 205 U.S. 454, 462, 27 S.Ct. 556, 558, 51 L.Ed. 879 (1907); held the following: “The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by outside influence, whether of private talk or public print.”
The First Amendment to the Constitution of the United States provides for “freedom of speech, or of the press”, which certainly gives newspapers the right to report on crimes; “So long as we have newspapers we may expect to have through them the report of crimes, and it is not to be unexpected that, when' a homicide is committed . the newspapers of the community, answering the public interests, will furnish the defendant with at least some material upon which to base an application similar to the one under discussion”. Godau v. State, supra.
In this case the crime was heinous and the victim was well thought of in the county in which he lived. There was also a lot of publicity as the result of this crime. However, publicity alone, even if inordinate, is not sufficient ground for change of venue, Sheppard v. Maxwell 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); Patton v. State 246 Ala. 639, 642, 21 So.2d 844, 845 (1945).
*518 The issue presented in this case is whether or not the publicity in this case threatened the fairness of the trial. After considering all of the evidence in this case the Court is of the opinion that the appellant has not met this burden of proof.
The record clearly shows that there was evidence that the appellant was not so prejudiced by the publicity that he could not receive a fair and impartial trial. One journalist testified that his paper’s articles were properly characterized as “routine [and] consistent with the policy of [the] paper to report the news objectively and without other consideration”. Another journalist stated that her objective in preparing the articles was [j]ust to report the basic facts to the people”. Several of the newspaper articles did not even mention the defendant by name and some discussed the arrest of suspects and subsequent judicial proceedings.
There was also a period of eight months between the brutal slaying of Mr. Young and the defendant’s trial which provided an ample cooling off period.
The record also shows some evidence to the contrary but not sufficient to base a just conclusion that a fair and impartial trial would be improbable.
From this examination we conclude that error is not made to appear.
The foregoing opinion was prepared by Honorable CECIL H. STRAWBRIDGE, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.