BOOKOUT, Judge.
Appeal from denial of writ of error cor-am nobis.
Appellant was convicted of murder in the second degree and he is presently serving a forty year sentence. Zuck v. State, 57 Ala. App. 15, 325 So.2d 531 (1975), cert. denied, 295 Ala. 430, 325 So.2d 539 (1976).
He was represented at trial by a prominent law firm in Birmingham. He was also represented by a member of that firm in a habeas corpus proceeding before that trial. This same law firm simultaneously represented Larry Waites, a plaintiff in a $500,-000.00 civil suit. Waites was prosecutor in the appellant’s trial. Neither Waites nor members of the law firm informed the appellant of the dual representation. However, appellant stipulated that their failure to inform him was not the product of bad faith on their part.
By petition for writ of coram nobis, he contends that the dual representation denied him the right to effective counsel as required by the Sixth Amendment to the United States Constitution.
Appellant’s trial began on June 10, 1974, and he was found guilty on June 14, 1974. After conviction, the law firm representing him withdrew from the case, and two other attorneys were appointed to represent him regarding a motion for a new trial. The motion for new trial was filed July 15,1974. A hearing on the motion was set for July 29, 1974, and was denied on that date.
Alice Salter, a former girl friend of the petitioner, testified that the petitioner knew, at least a month before his trial, that the first law firm was also representing Larry Waites. Likewise, a newspaper article appeared on May 3, 1974, in which Waites’ law suit was explained along with the disclosure of the attorneys who represented him. The appellant denied that he had knowledge before trial of the dual representation. However, by the petitioner’s own admission, he learned of the dual representation within two to three weeks after his conviction, which was before his motion for a new trial was filed.
We quote from Seagroves v. State, 53 Ala.App. 481, 301 So.2d 245 (1974) as follows:
“. . . The office of the writ of error coram nobis is not that of a delayed appeal but rather a vehicle to seek review of certain matters which were not known or could not have been reasonably discovered within the time for taking a direct appeal.”
By the appellant’s own admission, he learned of the alleged conflict of interest before his motion for a new trial was heard and denied. The appellant’s mere assertion that he did not recognize the significance of the alleged conflict and that he did not discuss it with his new attorneys does not establish his right to relief by way of coram nobis. Appellant has the duty to establish his right to relief by clear, full and satisfac *1151 tory proof. Vincent v. State, 284 Ala. 242, 224 So.2d 601 (1969). This is especially so in view of the appellant’s assertion that he was very upset when he learned of the alleged conflict. It is incongruous to believe the petitioner did not inform his new attorneys of the alleged conflict under such circumstances. If the petitioner did not inform them, then his inaction amounted to gross negligence. One’s own negligence is not a basis upon which a writ of error coram nobis may be granted. Thornburg v. State, 42 Ala.App. 70, 152 So.2d 442 (1963). Appellant should have raised the alleged conflict of interest in his motion for new trial and then on direct appeal and not by writ of error coram nobis.
AFFIRMED.
All the Judges concur except CATES, P. J., not sitting.