This is a consolidated appeal in two separate cases, in each of which appellant was convicted of a felony. In the Circuit Court they were numbered 78-1777 and 78-1778 and were consolidated for trial at the request of defendant. In one case he was charged with robbery of Elizabeth Fox and sentenced to imprisonment for life. In the second case he was charged with assault with intent to murder Robert Moore and sentenced to imprisonment for twenty years, the sentence "to run concurrent with the sentence" in the first case.
According to the undisputed evidence, on the night of September 3, 1978, Elizabeth Fox, while acting as manager of a Seven-Eleven Store in Mobile, was robbed of a large sum of money, by a man armed with a pistol. After robbing her, he shoved her into a back room, left her there and proceeded toward the front of the store. While doing so, he was met by Mobile Police Detective Robert Moore, who with another officer had been checking "night stores." Detective Moore was shot five times by the robber with the same pistol he had used in robbing Ms. Fox. Defendant was positively identified by Ms. Fox and others as the person, a white male, who had robbed Ms. Fox. Others positively identified him as the person who shot Detective Moore and fled from the scene.
Defendant testified that on the night of the robbery, and some of the day before, he had been with a friend by the name of Walter Colby and with another person by the name of "Zip." They left a bar where they had been playing pin ball. He said Colby and Zip discussed committing an armed robbery, but he let them know that he was afraid to do so. In some way he was separated from them for about fifteen *Page 76 
minutes, and then he saw them when they were in the vicinity of the store that was robbed. He heard the shooting in the store and out. He saw Detective Moore when he was shot. He saw a man come out of the store and leave the scene. He continued as follows:
 "Q. What did you do after this? Did you just stand there or what?
"A. No, sir, I run.
"Q. Well, tell the jury where you ran.
 "A. I ran from . . . I ran between the service station there, there was a trailer behind it and I ran between that and went down the side and across the road, and when I ran across the road I ran into a car. I bounced off the car and ran down the road and went into the woods.
"Q. You ran down behind the service station?
 "A. Yes, sir, there is a little alley between it and there was a trailer there at the time.
"Q. Tell the jury, why did you run that way?
"A. I don't know.
"Q. Did you — were you shocked, or . .
"A. I was scared.
"Q. Where were you heading then?
"A. I don't know."
There was ample evidence to support the verdict of the jury as to the crime charged in each indictment. There is no contention to the contrary.
A major contention of appellant is that the trial court erroneously overruled a motion by defendant for a change of venue.
Defendant was arraigned and pleaded not guilty in each case on November 28, 1978, and the case was set for trial on January 25, 1979. Why the cases were not tried at that time is not shown by the record, but no objection by defendant is indicated by the transcript of the record. There is no indication that he desired an early trial. Between the date of his arraignment and the date of the first setting of the cases for trial, defendant filed a motion for discovery and other motions, as to which considerable time was probably taken. The record shows that on September 25, 1979, there was a hearing on "the motion for discovery." The record further shows:
 "MR. ATCHISON: All right. Thank you, Your Honor. (End of proceedings on September 25, 1979.)
 "(Whereupon, on the 29th day of October, 1979, court was called to order, and the following proceedings were had and done:)
 "THE COURT: Your client is charged with assault with intent to murder, burglary in the second degree, and receiving and concealing stolen property, and robbery. Do I understand that you wish the charges of robbery and assault with intent to murder tried together?
"MR. ATCHISON: Yes, Judge.
 "THE COURT: You've consulted with your client about that and he has consented to it?
"MR. ATCHISON: Yes. On the first two.
"(Pause. Attorney talks to defendant.)
"Yes, Judge.
". . . .
 "THE COURT: All right. Any other preliminary matters we want to take up before the jury gets here?
"(No answer).
"O.K."
Thereupon, the jury was selected for the trial of the cases. The court excused the jury from the courtroom a few minutes and proceeded to interrogate counsel as to whether anything should be done before the trial actually commenced. As a part of that colloquy, the record shows:
 "THE COURT: On the motion to quash the venire no jurors indicated that they were familiar with the case, so that motion is denied. What other matters do you all wish to take up?
"MR. ATCHISON: I don't know of any others.
 "THE COURT: I thought you indicated there was a motion? *Page 77 
 "MR. HANLEY: I thought there was a motion. I thought he wanted to present some evidence on a motion to change venue. If he doesn't, you know . . .
 "THE COURT: On the motion to change venue, do you wish to present any evidence? None of the jurors indicated they were familiar with the case.
 "MR. ATCHISON: Your Honor, I would like to have the right to introduce the news articles, but other than that.
"MR. HANLEY: No objections.
"THE COURT: Do you have any objections to that?
"MR. HANLEY: No objections.
 "THE COURT: All right. We will mark them in evidence by agreement. Inasmuch as none of the jurors indicated they had any familiarity with the case, the motion to transfer is denied.
"MR. ATCHISON: We except, Your Honor."
The motion for change of venue was filed on September 11, 1979. It alleged that "Defendant's case was highly publicized from the beginning and it involved both newspaper and television and radio coverage making the case a sensational one" and that it was further publicized when defendant "was allegedly involved in an escape with a number of other prisoners from the Mobile County Jail and his name and picture were widely publicized up to and through his return to the county jail." The motion also alleged that there was "recently a well publicized incident" as to a named police officer being killed "in the line of duty and the publicity and all forms of the news media stirred up deep feelings and emotions in both the City of Mobile and all of Mobile County." The motion was verified by the signature and oath of defendant.
Defendant failed to meet the requirements for a change of venue. All that he presented was his own contention stating a conclusion that he could not have a fair and impartial trial in Mobile County by reason of the large amount of publicity with reference to his cases, other conduct on his part and an unrelated case involving the death of a police officer killed in the line of duty.
The existence of widespread publicity does not in and of itself indicate that a defendant will not get a fair trial.McLaren v. State, Ala.Cr.App., 353 So.2d 24, cert. denied,353 So.2d 35 (1977); Peoples v. State, Ala.Cr.App., 338 So.2d 515
(1976); Turk v. State, Ala.Cr.App., 348 So.2d 878 (1977);Jenkins v. State, Ala.Cr.App., 339 So.2d 133, cert. denied,339 So.2d 137 (1976); Speigner v. State, Ala.Cr.App.,367 So.2d 590, cert. denied, 367 So.2d 597 (1979).
This is not a case, in our opinion, in which there is any need to emphasize the breadth of the discretion of the trial court, and we merely repeat what has been said many times that a motion for a change of venue is addressed to the sound discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless there is an abuse of that discretion. Speigner v. State, supra; Thompson v. State, Ala.Cr.App., 374 So.2d 377, aff'd 374 So.2d 388 (1978).
The trial court acted correctly in overruling defendant's motion for a change of venue.
During the closing argument of counsel for the State, the following occurred:
 "MR. HANLEY: Ladies and Gentlemen, people in this community are tired of this sort of thing. It happens every week. Pretty soon they are going to have to start having the 7-11 clerks wear bullet proof vests.
 "MR. ATCHISON: Your Honor, I object to this line of argument. It has nothing to do with whether he's guilty or not.
"THE COURT: Overruled.
"MR. ATCHISON: We except."
The argument was strong, but it is nothing more in essence than an "appeal for law enforcement." As stated by Judge Bowen inDiamond v. State, Ala.Cr.App., 363 So.2d 109, 115 (1978):
 ". . . An appeal for law enforcement is within the limit of legitimate forensic discussion. Embrey v. State, 283 Ala. 110, 214 So.2d 567 (1968); Sanders v. State, 260 Ala. 323, 70 So.2d 802 (1954); *Page 78 Price v. State, 348 So.2d 517 (Ala.Cr.App. 1977); Cooper v. State, 55 Ala. App. 576, 317 So.2d 543
(1975)."
In making appeals for law enforcement, the attorney for the prosecution does well to avoid making a statement that purports to convey to the jury information as to facts not shown by the evidence and emanating solely from the mind of counsel. None of the three sentences contained in the quoted argument can be reasonably construed as such. We are confident that the jury understood, as we understand, that counsel was not attempting to tell the jury something they did not know. As to the first sentence, it appears that he was emphasizing a fact that he believed the jurors already knew, as a matter of common knowledge. The second short sentence, "It happens every week," was not a statement to be construed as absolutely accurate, even though it may have been, but as a shorthand rendition as to the prevalence of robbery, assault with intent to murder and the like. By the last sentence, counsel was obviously not purporting to speak as an inspired prophet, but only as an advocate endeavoring to embellish an argument that otherwise might seem commonplace. Such a privilege should not be denied a speaker. The court was not in error in overruling defendant's objection to the argument.
Each case is free of error prejudicial to defendant. The judgment in each case should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment in each of the cases consolidated on this appeal is hereby
AFFIRMED.
All the Judges concur.