TYSON, Judge.
Willie James Hall appeals to this court from the denial of his Petition for Writ of Error Coram Nobis by the Circuit Court of Montgomery County, Alabama. Petitioner seeks to challenge his conviction based upon a guilty plea and life sentence imposed in circuit court. The trial court in this cause made the following findings which we do hereby affirm:
“Petitioner alleges that his guilty plea on April 5, 1983 to the offense of Escape I was unintelligently and involuntarily given due to ineffective assistance of counsel. As a result of said guilty plea, Petitioner was sentenced to life in the penitentiary by this Court on April 20, 1983. Petitioner contends that his court-appointed attorney advised him that if he would plead guilty to Escape I a deal could be worked out with the District Attorney whereby Petitioner’s present 40 year sentence could be made to run concurrent with the life sentence to be imposed by Judge Phelps.
“Petitioner contends that at sentencing on April 20, 1983 the Court ordered Petitioner to life in the penitentiary and at that time Mr. Davis informed the Court of the agreement worked out between Petitioner and the District Attorney’s office. Petitioner further contends that the Court refused to listen to such an agreement and refused to honor the deal. As a result Petitioner’s two sentences are to run consecutively. Petitioner therefore alleges that his guilty plea was unintelligently and involuntarily given due to ineffective assistance of counsel.
“Petitioner further claims that under the ruling in Santobello v. N.Y., supra (1971), 404 U.S. 257, 925 [92] Ct. 495, 30 L.Ed.2d 427, the district attorney was bound by his agreement once a deal had been made.
“The Court finds for the following reasons that Petitioner’s allegations are *7 without merit. First, upon review of the Court’s records, the Court finds that the following transpired between thé Court and the Petitioner at Petitioner’s April 5, 1983 guilty plea:
‘The Court: Are you satisfied with his (Mr. Davis) representation of you? ‘Petitioner: Yes sir.
‘The Court: Is he doing you a good job?
‘Petitioner: Yes sir.
‘The Court: Did anybody tell you it would go easier on you or lighter on you or this Court would be bound to give you a lesser sentence — that the Court would be bound to grant you any favors or anything at all to get you to say that you are guilty? ‘Petitioner: No sir.
‘The Court: Tell me how you plead. ‘Petitioner: Guilty.’
“Based on the above colloquy the Court finds that the Petitioner understood his rights and that he knowingly and freely gave up his rights.
“Secondly, the Court has reviewed the transcript involving Petitioner’s sentencing on April 20, 1983, and finds that the following conversation took place among the Court, the Petitioner and Mr. Terry Davis:
‘Mr. Davis: At the time he (Petitioner) pled guilty, he realized the sentence he is facing. He is presently serving forty years and it is my understanding that the District Attorney does not oppose running any current sentence imposed with the sentence he is presently serving.
‘The Court: All right. Anything else?
‘Petitioner: No, sir.
‘The Court: Based on the habitual offender law, have you got anything to say why the sentence of law should not now be imposed on you?
‘Petitioner: No, sir.
‘The Court: Under the habitual offender law, the Court sentences the Defendant to life in the penitentiary. Mr. Davis, I think with his record, I am going to stop with that. He has an awful record.
‘Petitioner: Excuse me, sir.
‘The Court: All right.
‘Mr. Davis: Is that consecutive?
‘The Court: It is just what I said.
‘Mr. Davis: Yes, sir.’
“This Court was not a party to the agreement and did nothing to lead the Petitioner to enter into any agreement or make the plea. In fact, this Court emphasized in advising the Petitioner of his rights that he was not bound by any agreement as to the length of sentence and further advised him with regard to the minimum and maximum sentence which could be expected. This Court further informed Petitioner that the Court was not bound by any agreement regarding his sentencing, prior to the Court’s acceptance of his guilty plea. See Seagroves v. State, 53 Ala.App. 481, 301 So.2d 245 (1974).
“For the reasons stated herein the Court is of the opinion that the said Petition is due to be dismissed. It is, therefore,
“ORDERED, ADJUDGED and DECREED by the Court that the Petition for Writ of Error Coram Nobis heretofore filed, be and the same is hereby DISMISSED.
“DONE this the 16th day of August, 1983.
/s/ Joseph D. Phelps CIRCUIT JUDGE”
I
We have carefully reviewed this record and find no error. The appellant’s contention that he was denied effective assistance of counsel is utterly without legal merit. Trammell v. State, 420 So.2d 855 (Ala.Cr. App.1982) and authorities therein cited. See also Clency v. State, 442 So.2d 148 (Ala.Cr.App.1983).
The judgment of the trial court is hereby affirmed.
AFFIRMED.
All the Judges concur.