Justin Lydell Bryant was convicted of unlawfully possessing cocaine in violation of Ala. Code 1975, § 13A-12-212. He was sentenced to ten years' imprisonment, was fined $5,000, and was ordered to pay court costs, $100 to the crime victims' compensation fund, and a $40 drug and alcohol abuse assessment fee. The only issue presented in this appeal is that the prosecutor twice made improper remarks during closing argument.
The first allegedly improper remarks were the prosecutor's statements that the people of the City of Opelika were *Page 260 
"begging" for the drug problem to be eliminated and that drug deliveries were taking place every Friday morning at the grocery store where the instant offense occurred. Defense counsel's objection, made on the ground that "there's no evidence to that at all," was sustained by the trial court. There was no request for curative instructions or for the trial court to take any further action with regard to these remarks. In such a situation, there is no adverse ruling, and this Court has nothing to review. Britain v. State, 533 So.2d 684, 686
(Ala.Cr.App. 1988); Cassady v. State, 51 Ala. App. 544, 547,287 So.2d 254, 257 (1973). See also Thomas v. State, 555 So.2d 320
(Ala.Cr.App. 1989).
The appellant asserts that the following statements by the prosecutor are also improper:
 "Possession of drugs and the drug problem in this state offends us all, black people, white people, young people, old people, and I haven't seen any green people [defense counsel] referred to, but if we had any of them I guess it would offend them too. It offends the people of Opelika, the people of Lee County, and the people of Hardaway [the area of Opelika in which the instant offense occurred]. There's a lot of good folks living out there and they've got this mess running around out there in their front yard and their back yard."
In Moberg v. State, 385 So.2d 74, 77 (Ala.Cr.App. 1980), where the defendant was charged with robbery and assault with intent to murder, the prosecutor stated in closing argument that "people in this community are tired of this sort of thing. It happens every week. Pretty soon they are going to have to start having the 7-11 clerks wear bullet proof vests." This Court held that these statements were "nothing more in essence than 'an appeal for law enforcement.' " Id. See also Whitlow v.State, 509 So.2d 252, 257 (Ala.Cr.App. 1987). The statements by the prosecutor in the present case are similar in nature to those made by the prosecutor in Moberg and should also be viewed as an appeal for law enforcement. General appeals for law enforcement are clearly within the permissible range of closing argument. Cook v. State, 369 So.2d 1251, 1254 (Ala. 1978); McMullin v. State, 442 So.2d 155, 160 (Ala.Cr.App. 1983); Diamond v. State, 363 So.2d 109, 115 (Ala.Cr.App. 1978).
As we recognized in Moberg, a prosecutor who makes an appeal for law enforcement should "avoid making a statement that purports to convey to the jury information as to facts not shown by the evidence and emanating solely from the mind of counsel." 385 So.2d at 78. See also Cook, 369 So.2d at 1255. The first two sentences quoted above do not fall within this category. See Moberg, 385 So.2d at 78. As for the third sentence, there was testimony indicating that the grocery store at which the appellant was first spotted was located within or very near to a residential area. There was also testimony that the appellant was chased on foot by an officer into this residential area and that the appellant abandoned packages of cocaine "beside a residence." We therefore find that the third sentence was a legitimate inference from the evidence. "The prosecutor has the right to present his impressions from the evidence. He may argue every matter of legitimate inference and may examine, collate, sift, and treat the evidence in his own way." Donahoo v. State, 505 So.2d 1067, 1072 (Ala.Cr.App. 1986). Accord, Cross v. State, 536 So.2d 155, 160 (Ala.Cr.App. 1988). See also Cooper v. State, 55 Ala. App. 576, 579,317 So.2d 543, 546 (1975).
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 261