ON RETURN TO REMAND
PATTERSON, Presiding Judge.
On June 26, 1992, 608 So.2d 420, we remanded this cause to the trial court for *423 the second time for a new sentencing hearing with instructions that the trial court determine whether the “J.W. Stewart Headstart” is an educational facility and whether the “Sixth Street Housing Project” is a public housing project owned by a housing authority. We were unable to determine from the record before us whether the named facilities were in fact an educational facility and a public housing project owned by a housing authority, respectively, so as to make §§ 13A-12-250 and - 270, Code of Alabama 1975, applicable for sentence enhancement purposes.
The trial court has complied with our instructions and duly filed a return to our remand. The return shows that evidence was presented to the trial court showing that the “J.W. Stewart Headstart” is a federally funded public educational institution and that the “Sixth Street Housing Project” is a federally supported public housing project owned by the Gadsden Housing Authority of the City of Gadsden. The trial court resentenced the appellant to 12 years’ imprisonment, applying the above-cited enhancement statutes, and ordered the appellant to pay a $2,500 fine and to pay $50 to the victims’ compensation fund. We find the sentence proper and within the range authorized by law. We will now address the remaining issues raised on appeal.
The appellant contends that because he was convicted of unlawful distribution of a controlled substance, rather than unlawful sale of a controlled substance, §§ 13A-12-250 and -270 are not applicable. The appellant did not raise this issue in the trial court; hence, it is not preserved for appellate review. Thompson v. State, 575 So.2d 1238 (Ala.Cr.App.1991).
The appellant also contends that the trial court committed reversible error in overruling his objection to remarks made by the prosecution during closing argument to the jury. The record shows the following:
“DISTRICT ATTORNEY HEDGSPETH: Do you want the dopers out taking over the streets? Or do you want it to where your streets and your neighborhood [are] safe again? There are people in this town today, folks in the twenty-first century, that’s scared to go outside when the sun goes down, and that’s wrong. They can’t go out—
“MR. WILLARD [defense counsel]: Judge, I must object, there is no violence issue in this case, no evidence of any—
“DISTRICT ATTORNEY HEDGSPETH: Didn’t say anything about violence.
“MR. WILLARD: — No evidence about people being scared to go out on the streets.
“THE COURT: Overrule, closing argument.”
General appeals for law enforcement are clearly within the permissible range of closing argument. Garrick v. State, 589 So.2d 760 (Ala.Cr.App.1991); Bryant v. State, 585 So.2d 259 (Ala.Cr.App.1991). We view the prosecutor’s argument in the instant case as a proper general appeal for law enforcement. Hence, no error was committed by the trial court in overruling the appellant's objection to the argument.
For the above reasons, the conviction and sentence in this cause are due to be, and they hereby are, affirmed.
AFFIRMED.
All Judges concur.