The appellant, Thomas Joel Cartwright, was convicted of the murder of Michael L. Douglas, in violation of § 13A-6-2, Code of Alabama 1975; the attempted murder of Brenda Craig, in violation of § 13A-4-2, Code of Alabama 1975; and assault in the first degree upon Edna Diane Whatley, in violation of §13A-6-20, Code of Alabama 1975. He was sentenced to life imprisonment on the murder conviction and on the attempted murder conviction and to 21 years' imprisonment on the assault conviction, all three sentences to run consecutively.
The state's evidence tended to show that on the night of October 26, 1992, the victims were shot while inside the C C Club, a bar, in Andalusia, Alabama. According to eyewitness testimony, an argument broke out between the appellant and two of the victims, Craig and Douglas. The appellant left the bar and returned at least two times after the initial argument started. Each time the appellant returned to the bar, the argument would resume. The last time the appellant entered the bar, he approached Charles Milton Cooper and kicked him twice. After kicking Cooper, the appellant produced what was described as a silver or chrome .22 caliber revolver and began to fire. Whatley was the first to be shot as she ran for the telephone to call the police. The appellant immediately turned and shot Craig in the abdomen. Douglas was crawling on his hands and knees behind the bar when the appellant shot him in the back of the head. Douglas died as a result of the gunshot wound. Dr. David McKowan, who treated the other two victims, Craig and Whatley, characterized their injuries as "life threatening."
The appellant presents five issues for review.
 I
First, the appellant contends that a remark made by the prosecutor during closing arguments was a comment on his failure to testify. The statement objected to by defense counsel was a reference to the insanity defense relied upon by the appellant at trial. The record indicates that during closing arguments the following took place:
 "[Prosecutor]: There is no testimony before you that this defendant ever, ever, was legally insane. He ran his own business. *Page 328 
He handled his own affairs. He visited nightclubs. And if he had panic attacks then he still has panics, but he has set through almost three days of a murder trial showing no evidence of physical stress. He has been able to —.
 "[Defense counsel]: Your Honor, I object to this. This is improper argument to comment on the defendant. Can't do that in any way. His conduct is nothing at all.
 "[The court]: I believe the jury is entitled to view the person of the defendant in the courtroom. And I think that the prosecutor's remarks are to be directed to that and nothing else and I will instruct the jury that is as far as they may consider those remarks. The defendant has an absolute right in a criminal case not to take the stand if he so desires, and that is something from which you may draw no inference whatsoever against the defendant. And I am instructing you that you shall draw no such inference."
(Emphasis added.)
When a defendant chooses to exercise his right against self-incrimination by not testifying, a prosecutor may not comment on his refusal to testify. Griffin v. California,380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); Tomlin v.State, 591 So.2d 550 (Ala.Cr.App. 1991). In determining whether a prosecutor's statement amounted to a comment on the defendant's failure to testify, a reviewing court must consider the statement in the context in which it was made. Brooks v.State, 580 So.2d 66 (Ala.Cr.App. 1991).
In this case, there was evidence before the jury that the appellant had been diagnosed as having an anxiety disorder and having a history of panic attacks. Both lay and expert witnesses testified regarding the appellant's sanity. A defendant's conduct or demeanor during trial is a proper subject of comment. James v. State, 564 So.2d 1002 (Ala.Cr.App. 1989); Haywood v. State, 501 So.2d 515 (Ala.Cr.App. 1986);Wherry v. State, 402 So.2d 1130 (Ala.Cr.App. 1981). A comment on failure to testify must be direct before it violates the right to remain silent. Alexander v. State, 601 So.2d 1130
(Ala.Cr.App. 1992).
The prosecutor did not comment on the appellant's failure to testify.
 II
The appellant next argues that the court erred in failing to give curative instructions in response to improper comments by the prosecution during closing argument. A review of the record reveals, as the appellant concedes in his reply brief, that objections to the remarks were sustained. Further, there was no request for curative instructions and therefore no adverse ruling for this court to review. See Bryant v. State,585 So.2d 259 (Ala.Cr.App. 1991).
 III
The appellant also argues that the trial court abused its discretion in failing to grant the appellant's motion for a continuance so that an ordered medical review could be completed. A motion for a continuance is left to the sound discretion of the trial court, whose decision will not be disturbed unless there has been an abuse of discretion.McFarland v. State, 581 So.2d 1249 (Ala.Cr.App. 1991).
Following a hearing on the appellant's competency to stand trial, the presiding judge entered an order finding that the appellant was competent to stand trial and that the case should move forward to trial. In the same order, the appellant was to be made available for a psychotropic medication review pursuant to a recommendation made by Dr. Michael Thomas D'Errico, the state's certified forensics examiner. Dr. D'Errico recommended the examination because the appellant's anxiety disorder was being controlled by medication. He felt that as the trial date moved closer, the amount of medication might need to be increased to control the appellant's anxiety disorder.
The appellant contends that the trial court abused its discretion in not continuing the case because, he says, his conviction was obtained while he was incompetent, thereby violating his right to due process. See Anderson v. State,510 So.2d 578 (Ala.Cr.App. 1987). The appellant's conviction did not violate due process. The psychotropic *Page 329 
medical evaluation had nothing to do with the appellant's competency to stand trial. He had already been found competent to stand trial. The psychotropic medical evaluation was only to determine if the appellant's dosage of medicine needed to be increased for trial.
The trial court did not err in denying the appellant's motion for a continuance.
 IV
The appellant contends that he was denied the effective assistance of counsel at trial.
Appellate counsel was appointed on July 19, 1993. On July 22, 1993, appellate counsel filed a motion to extend the time for filing a motion for a new trial pursuant to Ex parte Jackson,598 So.2d 895 (Ala. 1992). This motion was made so that the appellant could raise any issues regarding ineffective assistance of counsel before his appeal to this court.
To prevail on a claim of ineffectiveness of counsel, the petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by his counsel's performance. Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "This court must avoid using 'hindsight' to evaluate the performance of counsel. We must evaluate all the circumstances surrounding the case at the time of counsel's actions before determining whether counsel rendered ineffective assistance." Hallford v. State,629 So.2d 6, 9 (Ala.Cr.App. 1992).
Initially, the appellant contends that he was prejudiced by his counsel's failure to request curative instructions to comments made by the prosecutor during closing arguments. During closing arguments, the prosecutor told the jury that "[t]he real issues in this case are the just punishment of the man who killed Mike Douglas and who tried to kill Gidget Whatley and Brenda Craig." Trial counsel for the appellant objected to these statements and the court sustained the objection.
It is the function of the court, not the jury, to determine punishment in a non-capital case. Fordham v. State,513 So.2d 31 (Ala.Cr.App. 1986). Not every stray sentence in summation requires curative instructions.
The appellant also argues that he was prejudiced because, he claims, his attorney failed to fully develop the defense of insanity. The appellant argues that his lawyers "could have located someone with the appropriate qualifications who would have testified in [the appellant's] favor." Trial counsel questioned Dr. Joe Sanders and Dr. Michael Thomas D'Errico during the trial. Both witnesses testified that the appellant suffered from an anxiety disorder. However, on cross-examination both witnesses stated that an anxiety disorder does not cause one to lose touch with reality. "[T]he Sixth Amendment does not require that counsel do what is impossible, or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade."United States v. Cronic, 466 U.S. 648, 656 n. 19,104 S.Ct. 2039, 2045 n. 19, 80 L.Ed.2d 657 (1984).
The appellant also contends that there was a foundation for a verdict on lesser included offenses because of his alleged intoxication at the time he committed the offenses. The appellant argues that he was prejudiced because, he says, his trial counsel "gave little attention to this evidence in closing argument." The appellant must overcome a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Strickland,466 U.S. at 689, 104 S.Ct. at 2065. See also Hutchins v. State,568 So.2d 395, 397 (Ala.Cr.App. 1990).
We hold that appellant did not show that his counsel's performance was deficient; therefore, he has failed to satisfy the Strickland test.
 V
Last, the appellant contends that the evidence presented at trial was insufficient to support his convictions for murder, attempted murder, and assault in the first degree. The evidence of guilt was overwhelming.
The appellant argues that there was evidence presented of intoxication and/or provocation and asserts that the convictions for *Page 330 
offenses requiring "intent" should be "vacated."
 " 'Because the element of intent, being a state of mind or mental purpose, is usually incapable of direct proof, it may be inferred from the character of the assault, the use of a deadly weapon and other attendant circumstances.' Johnson [v. State, 390 So.2d 1160], 1167 [(Ala.Cr.App.), writ denied, Ex parte Johnson, 390 So.2d 1168 (Ala. 1980)]."
Benton v. State, 536 So.2d 162, 164 (Ala.Cr.App. 1988). Numerous witnesses testified that the appellant shot the victims. There was abundant evidence from which the jury could find that the appellant intended to commit the crimes.
The appellant also seeks to question the credibility of the eyewitnesses and requests this court to make "its own determination of those witnesses' credibility." "The credibility of witnesses is for the trier of fact, whose finding is conclusive on appeal. This Court cannot pass judgment on the truth or falsity of testimony or on the credibility of witnesses." Hope v. State, 521 So.2d 1383, 1387
(Ala.Cr.App. 1988).
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.