# Norwood *v.* The State.

## *Murder.*

(Decided June 4, 1914. 65 South. 851.)

1. *Homicide; Dying Declarations; Preliminary Proof.*—Where deceased's widow testified that about ten minutes after the shooting deceased talked to her about it, the court properly permitted the question, "state what he said," for the purpose of eliciting proof of a statement by the deceased indicating a belief that death was imminent.

2. *Same.*—The widow of deceased was properly permitted to testify that before he made the statement deceased stated that he believed that he was going to die.

3. *Same.*—Dying declarations must be statements of facts or circumstances immediately attending the killing to which deceased could have testified if he had survived, and such declarations as disclose his mere conclusion, impressions or opinions are not admissible as such.

4. *Same.*—A statement by deceased, a few minutes after the shooting and before he died, "they had met him down there to kill him, just made it up with each other to do so," was not admissible as a

dying declaration, nor was it admissible as constituting a part of the res gestæ, but was merely an inference of deceased.

5. *Same; Conspiracy.*—Statement of a deceased a few moments before his death, "that they met him down there to kill him without cause, just made it up with each other to do so," was not admissible to prove a conspiracy among defendants.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Joe Norwood was convicted of murder in the second degree and he appeals. Reversed and remanded.

H. C. THACH, and J. G. RANKIN, for appellant. The fact that deceased said "he was going to die" alone is not sufficient predicate for the admission of dying declarations.—*Titus v. State,* 117 Ala. 16; *Justice v. State,* 99 Ala. 180; *Ward v. State,* 78 Ala. 448. Dying declarations are substitutes for sworn testimony and must yield to the general rules governing the admissibility of evidence.—21 Cyc. 987. Opinions and conclusions of deceased are not admissible as dying declarations.— 6th Mayfield's Digest, 278; *Oliver v. State,* 17 Ala. 587; *Williams v. State,* 130 Ala. 137. Statements by deceased that "they met down there to kill him without a cause," and that they "just had it made up with each other to do so" were mere opinions or conclusions of deceased and inadmissible as dying declarations.— *Bailey v. State,* 107 Ala. 151; *Hill v. State,* 137 Ala. 71; *Harrison v. State,* 78 Ala. 5. The admission of illegal evidence over the objection of the defendant magnifies it in the sight of the jury and is prejudicial error.— *Karr v. State,* 106 Ala. 1; *B'ham Elec. Ry. Co. v. Clay,* 108 Ala. 233; *Coffman v. L. & N. R. R. Co.,* 63 South. 527.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, and W. R. WALKER, for

the State.   Where it appears that declarations were made under a realization and solemn sense of impending death, and they are of the *res gastae* of the killing, they are admissible in evidence."—*McEwen's Case*, 152 Ala. 38; *Twitty's Case*, 168 Ala. 59; *Parker's Case*, 165 Ala. 1; *Brown's Case*, 150 Ala. 25; *Walker's Case*, 146 Ala. 45; *Smith's Case*, 136 Ala. 1; *McQueen's Case*, 103 Ala. 12; *McQueen's Case*, 94 Ala. 50; *Ex parte Key*, 5 Ala. App. 274; *Naugher's Case*, 6 Ala. App. 3; *Gibson's Case*, 126 Ala. 59; *Fuller's Case*, 117 Ala. 36; *Milton's Case*, 134 Ala. 42.   The statements "that they met down there to kill him without a cause" and "that they just had it made up with each other to do so," were the statements of collective facts, and not merely opinions or conclusions, and related to the act or transaction of the killing and were, therefore, admissible as dying declarations.—*Sullivan v. The State*, 102 Ala. 135.

WALKER, P. J.—Immediately following a statement by the widow of the deceased, testifying as a witness for the state, that about 10 or 15 minutes after he was taken home subsequent to the shooting, and while they were holding him on the bed, he talked with her about the shooting, she was asked the question, "State what he said."   The defendant's objections to this question, upon the ground, among others, that a sufficient predicate had not been laid, having been overruled, the witness replied that the deceased said he was going to die, "and that they had met him down there to kill him without a cause, and just had it made up with each other to do so."   The defendant moved to exclude this answer as a whole, and made separate motions to exclude the following portions of said answer:   "They had met down there to kill him without a cause," and "just made it up with each other to do so,"—the following

grounds being stated in support of each of the last men-
tioned motions: Because the portion of the answer re-
ferred to in the motion is not limited to acts which
caused the death of McLemore, because that portion of
the answer is not a proper subject-matter of a dying
declaration, because it is not a part of the res gestæ, be-
cause it is a statement of a conclusion or opinion, and
because it does not relate to any circumstance or trans-
action attending the killing. Exceptions were reserv-
ed to the action of the court in overruling these several
motions.

The question was one proper to be asked for the pur-
pose of eliciting proof of the making of a statement by
the deceased indicating a belief by him at the time that
death was impending; and the part of the answer
which purported to repeat a statement made by him
that he was going to die was admissible evidence for
the consideration of the court on the preliminary in-
quiry, the determination of which was a matter for the
court alone, as to the sufficiency of the predicate laid
to let in evidence of declarations made by the deceased.
—*Ward v. State,* 78 Ala. 441; *Sims v. State,* 139 Ala.
74, 36 South. 138, 101 Am. St. Rep. 17. Whether the
evidence of that statement was or was not proper to be
submitted to the jury over an objection duly made, the
court was not in error in its rulings on the objection to
the question and on the motion to exclude the answer
as a whole.

The declarations of the deceased which may be proved
when the proper predicate has been laid must be state-
ments of facts or circumstances immediately attending
the killing—the act which caused death, and the at-
tendant circumstances—to which the declarant could
have deposed as a witness if he had survived; and such
declarations as disclose his mere conclusions, mental

impressions, or opinions are not admissible over objections duly made.—*Oliver v. State,* 17 Ala. 587; *Mose v. State,* 35 Ala. 421; *Reynolds v. State,* 68 Ala. 502; *Pulliam v. State,* 88 Ala. 1, 6 South. 839; *Sullivan v. State,* 102 Ala. 135, 15 South. 264, 48 Am. St. Rep. 22; *Sanford v. State,* 143 Ala. 78, 39 South. 370; Underhill on Criminal Evidence, § 108; 1 Elliott on Evidence, § 340. Under the rule just stated, it was not permissible to prove the statements of the deceased "that they had met him down there to kill him without a cause, and just had it made up with each other to do so." These were not statements of acts constituting part of the res gestae of the killing, but were statements of inferences or deductions drawn by the declarant from facts or conduct which he did not narrate or describe. The existence of a conspiracy to take the life of the deceased was not properly provable by evidence of his expression, while in extremis, of the opinion or conclusion that it existed. As evidence of these declarations was admitted, it is to be supposed that the jury considered it in reaching a conclusion in the case, and it may well be that it had weight with them on the inquiry as to whether the appellant and his father were or were not free from fault in bringing on the difficulty. We cannot conclude that the error in the admission of this evidence was a nonprejudicial one.

Because of that error, the judgment must be reversed.

Reversed and remanded.