93 So.2d 523

**Harold SHIFLETT**

v.

**STATE.**

**7 Div. 390.**

Court of Appeals of Alabama.

Dec. 18, 1956.

Rehearing Denied Jan. 15, 1957.

663

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

Love & Hines, Talladega, for appellant.

CATES, Judge.

This is the second appeal in this case. Shiflett v. State, 262 Ala. 337, 78 So.2d 805.

This appeal is taken from a judgment of the Talladega Circuit Court based on a jury verdict finding Harold Shiflett guilty of murder (of his wife) in the second degree with his punishment set at ten years imprisonment.

The facts on this appeal can be taken to be those stated by the Supreme Court touching the first trial save that, in contra-distinction, during the second trial the Nixes and other witnesses were permitted to testify as to never having seen or heard of Shiflett or his wife abusing or mis-treating the other.

The defendant again offered the testi-mony of Dr. Hardwick as to Mrs. Shiflett's saying, "I don't believe Harold meant to do it." This offer apparently was bottomed on the immediately-upon-regaining-conscious-ness-statement theory as a part of the res gestae exception to the hearsay rule. 32 C.J.S., Evidence, § 419, note 34, p. 52; 20 Am.Jur., Evidence, Sec. 672; 163 A.L.R. at page 164.

The statement was made in the emer-gency room at the hospital some three to five minutes after she became conscious. Apparently Mrs. Shiflett did not speak at all for some time, i. e., three to five minutes. Her first statement was to ask if she would recover (262 Ala. at page 344, 78 So.2d at page 811). Then, as a police officer came in the room, Dr. Hardwick said, "Betty, Officer Haynes has come to ask you something about what happened." The doctor continued, "Betty, how did all this happen?" To which she gave the answer the defendant sought to get told to the jury.

■ The trial court refused the admis-sion of her answer as being an opinion. With this ruling we agree. The statement came as the response to a question which required reflection to answer. See Norwood v. State, 11 Ala.App. 30, 65 So. 851. The principle of spontaneous exclamation may not require that the declaration be speedy but it must be spontaneous. The vice is not after-speech but after-thought.

Secondly, the defendant specified that the trial court erred in permitting the State in cross examining the defendant's character witnesses to ask questions beginning, "Have you heard that * * *?", e. g., "I'll ask you whether or not prior to August 5, 1954, you heard it said that Harold Shiflett in an automobile threatened to run over Betty * * *?"

We are asked to advert to Austin v. State, 32 Ala.App. 371, 26 So.2d 424; Way v. State, 155 Ala. 52, 46 So. 273; and Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L.R.A. 301. The reasons for decision in these three cases are distinguishable from the inquiry here. In Austin and Way the questions, although framed as abstrac-tions, were implications of personal know-ledge, such as, " 'If a man was guilty of getting drunk and going to disreputable places and fighting, would that person have a good character?' " 155 Ala. at page 63, 46 So. at page 278. In Moulton the offend-ing question was couched in terms of " 'did-n't [you] know that * * *?' "

■ Testimony of a man's repute is offered as an indivisible image of him in his community. The witness is not testify-ing about the man but of the shadow he casts. Hence, on cross examination testi-mony of rumors is admissible, whereas matters of personal knowledge are not. Pierce v. State, 228 Ala. 545, 154 So. 526; Johnson v. State, 260 Ala. 276, 69 So.2d 854; 47 A.L.R.2d 1264; Mullins v. State, 31 Ala.App. 571, 19 So.2d 845. The ques-tions were proper cross examination.

The third assignment of error concerns the introduction in evidence (over defend-ant's objection) of a Remington .22 rifle, model 550, found at the defendant's resi-dence. This rifle was not the fatal weapon, which was a Stevens .22 rifle, model 87T. The Remington rifle was taken to Auburn by Mr. Sowell of the state toxicologist's staff for ballistic tests for comparison with results of ballistic tests made with the Stev-ens rifle. The bullet that caused death was never found.

The fatal weapon, the Stevens .22, belonged to the deceased's brother, Donald Griffin, who testified that he had shot up all his ammunition on an overnight camping trip on Shocco Mountain. Mr. Sowell testified that when the Stevens shot .22 "long rifle" or .22 "short" ammunition it functioned properly, but when he fired .22 "longs" then on certain shots the empty cartridge would hang and a characteristic crimp in the cartridge would result. He stated the Remington did not have this difficulty on any of the three classes of .22 ammunition. A crimped .22 empty "hull" was found in the room where Mrs. Shiflett was shot. The crimp tallied with Sowell's tests.

Shiflett, on cross examination, admitted ownership of the Remington and that he had shot it before the time of death.

From Sowell's testimony and by viewing both rifles the jury could have inferred (1) that the defendant was familiar with firearms of a similar type, (2) that he had in the past possessed .22 ammunition, and (3) that, having a Remington that fired "longs" without hanging up after firing, he would probably assume his brother-in-law's gun would do so, too.

■ While the foregoing does not constitute a chain which irresistibly impels the mind to a conclusion of the defendant's guilt, nevertheless we cannot say the Remington rifle had no relevancy in the case. Nor do we see that merely in and of itself it could create undue prejudice. Accordingly, we consider the exhibition and introduction of this rifle were within the discretion of the trial court, and we see no abuse of that discretion. Neither of the rifles is before us.

Upon the principle discussed in Brown v. State, 37 Ala.App. 595, 74 So.2d 521, the appellant assigns as the trial court's fourth error not permitting defendant on re-direct to go into a conversation alluded to in cross examination.

Aside from the rule mentioned, we note that the solicitor objected to one of the questions because it was leading and that the question as to the defendant asking for lie detector examination having been reframed, was allowed to be answered. We see no hurt to the defendant under this assignment. Supreme Court Rule 45, Code 1940, Tit. 7, appendix.

■ The defendant having taken the stand testified on cross examination that on the night before the killing he had gone to the home of a Mr. Lyons who was drunk, but that he, defendant, had nothing to drink there. The State put Mr. Lyons on and he denied being drunk and went on to say that the defendant had taken a small drink. Defendant assigns as error permitting Lyons to testify to particular acts of the defendant on the question of his character. No objection was taken; moreover, the testimony was relevant to the defendant's credibility.

■ The sixth assignment of error relates to an admonition by the court, out of the presence of the jury, to the defendant's attorney. The warning was given after the voir dire of Dr. Hardwick. The court had ruled that Mrs. Shiflett's answer to the doctor was inadmissible. Whereupon the solicitor asked that the matter not be gone into again in the presence of the jury. The court then said, " * * * there are no statements to be made about her statement, * * *." To which the defendant's counsel answered, "You just wait until I ask the question." Thereupon the court replied, "If you ask a question embodying those words, I'll hold you in contempt of this court, that is the way I feel about it." To which an exception was taken.

The appellant cites the foregoing as abridging the right to be represented by counsel. To us the converse appears, that the defendant was well and vigorously represented by counsel even to the very brink. The practice of asking an improper question in the presence of the jury is unfair to the State, which has an equal claim to a fair trial. The warning not

having been made before the jury, this assignment must fall.

We have reviewed the record and find no error. Therefore the cause is to be

Affirmed.