Appellant, an indigent, was indicted for murder in the first degree and convicted of such offense on a plea of not guilty; sentence, life imprisonment.
The victim was an elderly white man. Appellant was a minor about nineteen years of age. The purpose of the attack was robbery. The victim had been in a supermarket. Outside the store were three young black males, Lonnie Price, Lorenzo Green (appellant), Donald Robertson and Johnnie MeCorvey. Robertson walked in the store to make a purchase and made comment about the old man having money. When the victim came out Robertson and McCorvey walked up the street with him. Prince and Green (appellant) walked up the same street to the home of Prince's mother where they stopped. The others had gone down the railroad tracks following the old man.
Prince handed Green (appellant) a closed pocket knife. Green then joined Robertson and McCorvey, who were robbing the old man. Appellant testified that Robertson took the knife from him and stabbed the victim.
After this, Robertson ran across the tracks and a train passed. McCorvey and appellant then joined him. Robertson thereupon gave the knife back to Green. Robertson rejoined Prince in front of the house. McCorvey and Green joined the two and Green gave the knife back to Prince who cleaned it.
The evidence further showed that the victim was stabbed several times, three of which were severe enough to produce death.
Thus, it appears that appellant was implicated in the robbery and death of the victim. The jury's verdict was supported by ample evidence.
 I
Appellant contends that the trial court committed grievous error in overruling his timely objections to the State using or referring to his Juvenile Court records. T. 13A, § 5-132, Code of Alabama, 1975 Interim Supplement. This Section inhibits such use.
Appellant's first objection and motion for a mistrial were made after he took the stand. On cross-examination the State interrogated him with reference to his conduct.
 "Q You said you did not want to help in that robbery because you were already in trouble. Is that what you said on direct examination?
"A Yes, sir.
 "Q You were in trouble right at that time; is that right?
"A I was in trouble —
"Q At the time before the robbery?
"A Well —
"Q You were in trouble, right?
"A Yes, sir."
A series of questions then followed regarding defendant's use of brass knuckles, which defendant denied.
It appears from the evidence that defendant opened up the subject of the trouble he was in, thus permitting cross-examination with reference to such trouble.
We fail to find in the series of questions about defendant's trouble had any reference to any proceedings in the Juvenile Court, or was there any effort to introduce such records if there were any. For aught appearing, the Juvenile Court had not acquired jurisdiction of defendant and he was not a ward of that Court. The Court's rulings were free from error.
 II
Appellant called Mrs. Meta M. Knight. She testified on direct-examination as to appellant's general reputation in the community in which he resided. She said his reputation was good. Next she testified *Page 1151 
that his general reputation for truth and veracity was good in the community in which he lived.
On cross-examination the State asked her if she had heard that defendant was arrested on February 23, 1976, for assault and battery based on the use of "numb chucks." The defense objected. The court thereupon excluded the jury and discussed the law with the attorneys. The court warned the attorney for the State not to refer to "any convictions." The court, after such instructions, overruled the objection.
We, again, note there was no reference in any of the questions to any juvenile records or convictions. For aught appearing, defendant had not been brought into Juvenile Court. The State was permitted to ask the witness if she had heard that defendant had been suspended from high school on March 16, 1976, for fighting. In conducting this examination the State did not mention any Juvenile Court proceedings against defendant. All the questions directed to Mrs. Knight by the State as to defendant's behavior were based on what the witness had heard. The questions thus predicated were permissible and proper. Mitchell v. State, 14 Ala. App. 46, 70 So. 991 (3);Shiflett v. State, 38 Ala. App. 662, 93 So.2d 523 (2). None of the questions addressed to the witness on the issue of defendant's character was based on her personal knowledge, but only on rumors on what she had heard.
We find no error in the Court's rulings. The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.