Iben Timmell Curtis was indicted for and convicted of the offense of first degree kidnapping, and following a habitual offender hearing at which evidence of five prior robbery convictions were placed in evidence, the appellant was sentenced to life imprisonment without parole. This appeal followed.
The evidence at trial established that Iben Timmell Curtis was confined in the Autauga County Jail on September 12, 1981, when, at knife point, he forced jailer Steve McRae, to unlock the jail and to accompany him to an automobile, which was driven into Montgomery County and McRae there handcuffed with his own handcuffs.
The appellant offered no testimony or other evidence at trial.
 I
Four issues are presented in this appeal. The first is with reference the continuance, argued by counsel with reference a motion made shortly before trial, that the appellant was forced to wear "prison clothing" a short time before trial and thus error occurred.
This matter was called to the trial judge's attention just before trial. The trial judge then ordered a short continuance, and that civilian clothes be made available for the appellant and a change of clothing was then made. The appellant's motion was then denied and trial ensued.
It is readily apparent that the trial judge, as soon as the matter was brought to his attention, made every effort to comply with the directives of the Supreme Court of the United States in Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691,48 L.Ed.2d 126 (1976). Moreover, during the course of the State's testimony, the charge being kidnapping of a jailer, it became apparent to the jury that the appellant had been legally confined as an element of the offense charged.
We are of the opinion that the trial judge properly handled the matter and that no error resulted. Jacques v. State,409 So.2d 876 (Ala.Crim.App. 1981), affirmed 409 So.2d 885 (Ala. 1982).
 II
Appellant also asserts as error that the trial court failed to properly instruct the jury on a theory which was supported by the evidence; namely, that the victim was released unharmed.
Several written charges were submitted to the trial court which were simply marked by the trial judge as refused, but were not signed by the judge and his name or initials affixed thereto. Such an endorsement by the trial judge is mandated by § 12-16-13, Code of Alabama 1975.
Moreover, the appellant must specifically except to the refusal of the trial judge to each of the charges so refused.Allen v. State, 414 So.2d 989 (Ala.Crim.App. 1981), affirmed414 So.2d 993 (Ala. 1982). See also Gullatt v. State,409 So.2d 466 (Ala.Crim.App. 1981). *Page 681 
 III
Next, the appellant's counsel calls attention to a motion filed just before trial, asserting that he should have been excused from handling this case prior to trial, as he did not have "five years prior experience in the active practice of criminal law", before appointment to handle the instant trial and appeal and cites us to the provisions of § 13A-5-9, Code of Alabama 1975, and § 13A-5-45 and § 13A-5-54, Code of Alabama 1975, as amended in 1981.
The pertinent Code provisions are intended to apply to the defense of persons charged with an offense for which they may be punished capitally. Such does not apply to cases for which the provisions of the Habitual Felony Offender Act might come into play following trial.
 IV
After the close of the State's evidence, the appellant made a motion to exclude the State's testimony and to discharge the defendant. This motion was overruled by the trial court.
As noted above, the State established a prima facie case of first degree kidnapping through the testimony of the jailer at the Autauga County Jail, Steve McRae, and one Franklin Bazzell, an inmate who observed the events herein described. The trial court properly overruled appellant's motion. The applicable elements of first degree kidnapping are here properly proven.Gurley v. State, 411 So.2d 1305 (Ala.Crim.App. 1982), Crews v.State, 374 So.2d 436 (Ala.Crim.App. 1979) and authorities cited therein.
We have carefully examined this record and find no error therein. For the reasons shown, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.