Charles Sales was indicted for theft of property in the second degree in violation of § 13A-8-4, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." Following a habitual offender hearing, the trial judge set sentence at 30 years' imprisonment in the penitentiary.
On March 17, 1981, Kathy Gobble was employed at the T.G. Y. Department Store in Hartselle, Alabama. While she was working the service desk on this date, at approximately 10:00 a.m., she saw a black male, whom she identified as the appellant, walking toward the front door carrying a television set. She told the appellant she needed to see his sales receipt and the appellant replied, "You don't need to see nothing."
At this time, Gobble paged "security" over the intercom. Kenneth Albert Farr, the co-manager of the store came to the front and asked her what was happening. Gobble replied that a "black male had just gone out the front door with a T.V. set." (R 13). Farr then looked out of the window and saw the appellant carrying a television in the store parking lot.
Farr rushed outside and told the appellant to stop. The appellant yelled obscenities at Farr, and then got into a light tan car with another man. Before the two drove off, Farr was able to obtain the license tag number of this car. Farr then went inside the store and telephoned police.
An inventory was conducted and a 13" color television set was missing from stock.
 I
The appellant contends the trial judge erred by allowing the admission of hearsay into evidence. The pertinent part of the record is set out as follows:
 "Q (By Mr. Burrell) At that time did anything out of the unusual or ordinary occur?
 "A Yes, sir, I heard Kathy Gobble, our service desk employee, call security to the front, and I went running up there and asked her what had happened. And she said —
 "MR. KNIGHT: We object, Your Honor, at this point to any conversation between him and the company employee.
 "THE COURT: It may be spontaneous, and I will let it come in and see if it fits *Page 244 
that exception to the hearsay or some other one. If it doesn't, make your objection again.
"Q (By Mr. Burrell) Judge said you could go ahead.
 "A I asked her what was happening, and she told me that a black male had just gone out the front door with a t.v. set. I looked out the windows, and I saw a black male going across the parking lot carrying a t.v. — a colored t.v. box. I went out after him. I told him to stop, drop the t.v. He yelled some obscenities back at me. He was far enough out in the parking lot that I couldn't catch up with him. I saw him — I saw a light tan — a colored car drive up in the parking lot, another man open the door, the guy with the t.v. push the t.v. and jump in. By then I was close enough to read the tag number, and I immediately ran back in the store and called the Hartselle Police Department and gave them a description of the car and the license number.
 "MR. KNIGHT: Your Honor, at this time we move to exclude the question the witness asked to the company employee, Mrs. Gobble — Miss Gobble, and we move to exclude further the witness's testimony as to the statement made by Mrs. Gobble as to what she had observed.
 "THE COURT: All right. It appears to be a spontaneous exclamation in response to a startling event that the witness had just perceived and I will overrule your objection.
 "MR. KNIGHT: Your Honor, we except to the adverse ruling on the motion to exclude the witness's response." (Emphasis added.)
Defense counsel argues that Gobble's statement to Farr does not fall within the "res gestae" or "spontaneous exclamation" exception to the hearsay rule because it was made in response to Farr's question and cites Shiflett v. State, 38 Ala. App. 662, 93 So.2d 523 (1957), cert. denied, 265 Ala. 652,93 So.2d 526 (1957) as authority. The Alabama Supreme Court dealt with this issue and distinguished the Shiflett case in Williams v.State, 291 Ala. 213, 279 So.2d 478 (1973). In this case, Justice Faulkner stated:
 "For a statement to be admissible as part of the res gestae exception to the hearsay rule, it must be incident to what was done, as shedding light on the main fact. George v. State, 240 Ala. 632, 200 So. 602
(1941); Starks v. State, 137 Ala. 9, 34 So. 687
(1903); Nelson v. State, 130 Ala. 83, 30 So. 728
(1901). See also McLean v. State, 16 Ala. 672 (1849).
 "Here, deceased replied, `Eunice done it,' immediately after being shot. The statement in this case, unlike the statement in Shiflett v. State, 38 Ala. App. 662, 93 So.2d 523 (1957), cert. denied 265 Ala. 652, 93 So.2d 526 (1957), was not objectionable as an opinion. The court in Shiflett refused the admission of the response of the deceased made in the hospital, `I don't believe Harold meant do do it,' as being an opinion. The statement in this case required no particular reflection or thought. We think that the trial judge could reasonably conclude that the statement was a part of the res gestae."
The trial judge in this case certainly had reason to conclude Gobble's statement was a part of the res gestae. The appellant had just left the store and her answer was an immediate response to Farr's question and certainly did not require any reflection as to what had happened. It was not an opinion but a statement of what had just occurred.
The trial judge did not err in admitting the statement at issue into evidence.
 II
The appellant challenges Farr's ability to give an opinion as to the value of the television set.
 "Testimony as to market value is in the nature of opinion evidence. A witness need not be an expert or dealer in a particular article in order to testify as to its value, if he has had the opportunity to form a correct opinion. Thomas v. State, Ala.Cr.App. 338 So.2d 1045 (1976). Such opinion evidence is not conclusive, and it therefore remains with the jury as the *Page 245 
trier of fact to be considered like all other evidence. The evidence is viewed in light of the knowledge and experience of the jury, which factors are to be relied upon by the jury in determining the true value of the property. State v. Crawford, 277 Ala. 568, 173 So.2d 109 (1965)."
Lankford v. State, 396 So.2d 1099 (Ala.Cr.App. 1981).
Farr, as co-manager of the T.G. Y. Store and the person who set up the television display, was competent to testify as to the value of the television and the jury's finding as to the value was supported by the evidence presented.
 III
The appellant objects to a line of questioning the prosecution pursued during the examination of one of the State's witnesses.
The relevant portion of the record is as follows:
 "Q Let me ask you this: without getting into the details of it, had you seen — had any occasion to see the defendant in the store before?
"A Yes, Sir.
 "Q Had on any prior occasions anything, without going into the details of it, had anything taken place that called your attention to the defendant?
"A Yes, Sir.
 "MR. KNIGHT: Object, Your Honor, and move for a mistrial.
"THE COURT: Overruled.
 "MR. KNIGHT: We except to the Court's adverse ruling.
 "Q (By Mr. Burrell) On how many occasions had something of this nature happened?
"MR. KNIGHT: Your Honor, we object to that.
 "THE COURT: Overruled. There is nothing that I can see that is prejudicial about it other than showing an aspect of whether or not the defendant had an opportunity to recognize — whether or not the witness had an opportunity to recognize the defendant and identify the defendant."
We agree with the trial judge that the prosecutor's questions were not prejudicial to the appellant. Therefore, the trial judge did not act improperly by refusing to grant a mistrial.Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967).
 IV
The appellant argues that the prosecution made a remark during closing arguments which was improper and requires reversal.
The pertinent part of the record is set out below:
 "MR. KNIGHT: We object to that. We object to the prosecutor's remark `There is Charles Sales out there stealing for a living' as being grossly prejudicial, as being contrary to the evidence in the case and constituting any radical prejudice to the defendant, and we move for a mistrial on that ground.
"THE COURT: Motion for a mistrial is denied.
 "Ladies and gentlemen, there is no evidence before the jury that the defendant makes a living stealing. Although the attorneys are allowed to draw their inferences from the testimony and argue them, I believe that is an impermissible inference to be drawn from the testimony in this case, and I am going to instruct each of you to disregard that argument and not consider it.
 "If there is anybody on the jury that feels he or she cannot disregard the argument and follow the Court's instructions, I wish you would raise your hand.
"All right. Go ahead."
 ". . . [T]he general rule is that prejudicial statements, even though improper, are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both. Allred v. State, supra [291 Ala. 34, 277 So.2d 339 (1973)]; Dunn v. State, 277 Ala. 39 at 44, 166 So.2d 878 (1964); Bachelor v. State, 216 Ala. 356, 361, 113 So. 67
(1927); Anderson v. State, 209 Ala. 36, 44, 95 So. 171 (1922)." (Emphasis added.) *Page 246 
Meredith v. State, 370 So.2d 1075 (Ala.Cr.App.), writ denied,370 So.2d 1079 (Ala. 1979).
Certainly, the trial judge cured any negative implications by his instruction to the jury. Therefore, his denial of defense counsel's motion for mistrial was not error to reversal.
 V
The appellant contends the State failed to prove a prima facie case and therefore, the verdict was contrary to the evidence. Defense counsel bases his contention on the fact that no one actually saw a television set in the box which the appellant took out of the store.
 "This court will not disturb a verdict of conviction on the grounds of insufficiency of the evidence, `unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.'"
Johnson v. State, 378 So.2d 1164 (Ala.Cr.App. 1979). This court is not so convinced.
Farr testified that he checked the television display each morning, including the morning of the theft, and that all of the boxes contained one television set. He further stated that an inventory was taken shortly after this theft and one television set was missing.
We find that there was clearly sufficient evidence, presented by the State, from which the jury could conclude, by fair inference, that the appellant was guilty of the theft of the television set beyond a reasonable doubt.
For the reasons stated above, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 705