The appellant, Oliver, was indicted and convicted for the murder of Luviner Davis in violation of Alabama Code Section13A-6-2 (1975). Sentence was life imprisonment. Two issues are presented on appeal.
 I
Oliver alleges that the trial judge committed reversible error in denying his motion in limine which sought to prevent the prosecutor from cross examining defense character witnesses concerning what they had heard about the defendant's juvenile court record. The trial judge ruled that if defense counsel placed Oliver's reputation in issue the court would allow the State to cross examine the character witnesses about "any rumors they have heard about juvenile convictions or juvenile charges."
Alabama Code Section 12-15-72 (b) (1975) states: "The disposition of a child and evidence given in a hearing in the court shall not be admissible as evidence against *Page 1181 
him in any case or proceeding in any other court whether before or after reaching majority. . . ." This rule precludes the prosecutor, in cross examining a reputation witness for the defendant, from asking if the witness had heard anything involving any juvenile court records or proceedings against the defendant. Green v. State, 352 So.2d 1149 (Ala.Cr.App. 1977). However, this does not prevent from cross examining the witness with respect to incidents which were the subject of prosecution in the juvenile court where no reference is made to any proceedings in that court. Green (prosecutor may ask witness if he had heard that defendant had been suspended from high school for fighting where juvenile court proceedings against defendant arising out of incident were not mentioned). See also Crenshawv. Alabama Freight, Inc., 287 Ala. 372, 381, 252 So.2d 33
(1971). Cf. Love v. State, 36 Ala. App. 693, 63 So.2d 285 (1968) (error to allow prosecutor to ask defendant if he had been sent to reform school for breaking into places).
Even though the overruling of the motion in limine was error, it was not reversible error. Here, Oliver never presented any character witness to testify to his character and consequently the State never cross examined any witness about what they had heard about Oliver's juvenile convictions or charges. "(T)here appears to be general agreement among the cases that a denial of a motion in limine cannot in and of itself constitute reversible error, since the objectionable material has not yet reached the jury's ears, and may never reach the jury at all." 75 Am.Jur.2d Trial, Section 165 (1974). To the same effect, see also Annot. 63 A.L.R.3d 311, Section 5 (1975). This is compatible with this Court's recent holding that "a violation of the exclusionary ruling granting a motion in limine does not always or automatically result in ineradicable prejudice to the accused and error requiring a mistrial." Richardson v. State,439 So.2d 756, 757 (Ala.Cr.App. 1983).
 II
The prosecutor's comment on Oliver's girlfriend's failure to testify at trial was not in violation of the rule that one party may not comment unfavorably on the other party's failure to produce a witness supposedly favorable to that party if the witness is equally available to both sides.
The girlfriend was first mentioned by Oliver on direct examination. On cross examination, he stated that his girlfriend's name was Sputnik McKinzey, although he had told the investigating officers that he did not know her "real name" or "real last name". Since Oliver had a superior means of knowing of the identity of his girlfriend, the girlfriend was not equally available to the State. The relationship between the girlfriend and Oliver would reasonably be expected to affect her personal interest in the outcome of the case and is another factor to consider in determining her availability to the State. McMorris v. State, 394 So.2d 392, 402 (Ala.Cr.App. 1980), cert. denied, Ex parte McMorris, 394 So.2d 404 (Ala. 1980). Thus, it was not error for the prosecutor to comment in closing argument upon Oliver's failure to call his girlfriend as a witness. Henry v. State, 355 So.2d 411, 413-14
(Ala.Cr.App. 1978).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.