TAYLOR, Judge.
The appellant, Angela Williams, was convicted of intentional murder, made capital because it was committed during the course of a robbery, § 13A-5-40(a)(2), Code of Alabama. She was sentenced to life imprisonment without parole.
The state’s evidence tended to show that on January 7,1993, the appellant killed John Carpenter during a confrontation. Dr. Allen Stillwell of the Alabama Department of Forensic Sciences testified that Carpenter died as a result of a stab wound to the left upper chest that penetrated his heart and severed a large blood vessel.
Alice Wimberly, an eyewitness to the events on the evening of the killing, testified that early in the morning on January 7,1993, she was awakened by loud noises on her front porch. Wimberly testified that she got up, banged on the wall, and yelled; “Go away, go away, get off the porch.” The commotion continued, and she told her aunt, who was also in the house, to call the police. Wimberly testified that when she looked out the window she saw a tall, heavyset woman holding a knife in her hand and a man standing near the door on the porch. Wimberly stated that the woman demanded money from the man.
William Barnett, another eyewitness, testified that on the night of the killing, he was *619 riding in the area of Rosa Parks Drive with Joseph White. Barnett testified that when they reached the area where the murder occurred he saw Carpenter running down the street followed by the appellant and two men. Carpenter had a knife in his hand. Barnett stopped his car and told Carpenter to get in. Carpenter refused and ran up the steps onto a porch of a house. Barnett also testified that one of the two men stayed on the sidewalk across the street from the house while the appellant went across the street and picked up a two-by-four piece of lumber. Barnett said that the appellant swung the two-by-four at Carpenter but that he was unable to see if she actually struck him. Barnett testified that he did see Carpenter fall to his knees and cover his head with his arm.
Joseph White testified that on the day of the stabbing he saw an older man with a knife being chased by a heavyset lady. He was unable to identify the appellant as the female he saw chasing the man. He did testify that the heavyset lady was the only person he saw chasing the older man.
Officer M.O. Darden, of the Montgomery police department, testified that when he arrived at the scene he saw a black man lying on his right side leaning on the railing on Wimberly’s porch. He attempted to communicate with the victim but was unsuccessful because of the extent of the man’s injuries.
The appellant testified in her own behalf and denied killing Carpenter. She stated that Johnson Scott robbed and killed Carpenter and she denied ever being on the porch with the victim.
On appeal, the appellant contends that there was insufficient evidence to find her guilty of capital murder.
In reviewing a question of the sufficiency of the evidence, this court must view the evidence in a light most favorable to the state. Jackson v. State, 516 So.2d 726 (Ala.Cr.App.1985). Three eyewitnesses saw the appellant on the porch and two eyewitnesses testified that they saw the appellant chasing the victim. There was also testimony that the appellant swung at Carpenter with a two-by-four. One witness testified that she saw a large woman holding a knife and heard a demand for money.
Forensic testimony indicated that the appellant’s blood type was on the two-by-four piece of lumber. The victim’s stepson testified that on the night he was killed the victim was wearing a gold Edison brand wristwatch that he had received as a Christmas gift. Other witnesses testified that the appellant was seen with a man’s gold wristwatch immediately after the stabbing.
The appellant’s defense was that she did not kill or rob the victim but that Johnson Scott killed and robbed the victim. Any conflict in the evidence was for the jury to resolve. Conflicting evidence presents a jury question and the jury’s decision in that regard is not subject to review on appeal, provided the state’s evidence establishes a prima facie case. White v. State, 546 So.2d 1014 (Ala.Cr.App.1989); Kelly v. State, 273 Ala. 240, 139 So.2d 326 (1962).
The case was correctly submitted to the jury for its determination. The evidence is sufficient to support the conviction of capital murder. Therefore, “ “we will not substitute our judgment for that of the jury.’ ” Williams v. State, 601 So.2d 1062, 1078 (Ala.Cr.App.1991), quoting Neal v. State, 460 So.2d 257, 260 (Ala.Cr.App.1984).
For the foregoing reasons, the judgment in this ease is due to be affirmed.
AFFIRMED.
All the Judges concur.